## MARY WEBSTER HARRISON v. FELIX WEBSTER.

Middle Section.    November 28, 1925.

No petition for Certiorari was filed.

1. **Accord and satisfaction.** Where claim is in dispute and party accepts check for a less sum marked "payment in full" it is a good accord and satisfaction.

   Where check was mailed to complainant for $9 and contained a recital on its face "for balance of $82.01 received from Mora B. Fariss, C. & M. after deducting credits heretofore paid" and complainant received and cashed same, **held** good accord and satisfaction of the debt.

Appeal from Chancery Court, Maury County, Hon. T. B. Lytle, Chancellor.

Affirmed.

Geo. W. Hight, of Nashville, for appellant.

W. S. Fleming, Sr., of Columbia, for appellee.

FAW, P. J.  The bill in this case was filed in the chancery court of Maury county, on October 13, 1924, by Mary Webster Harrison, a resident of Davidson county, Tennessee, against Felix Webster, a resident of Maury county, Tennessee. Complainant and defendant are colored people. The complainant is a niece of the defendant.

Haywood Webster, the father of defendant, died testate in Maury county, and defendant was the executor of his will. The estate of Haywood Webster was "wound up" and distributed under the orders and decrees of the chancery court of Maury county. The complainant is a granddaughter of Haywood Webster, deceased, and was one of the distributees of his estate. Complainant's father (who was a brother of defendant) died when complainant was a small child, and complainant's mother, being unable to care for her, left her in the custody of defendant, and complainant lived in the home of defendant, as a member of his family, from her second year until she was twelve years of age, when she returned to her mother at Nashville, upon her mother's request.

On or about April 22, 1916, defendant received from the clerk and master of the chancery court of Maury county the sum of $82.01 belonging to complainant as a part of her distributive share of the estate of her grandfather, Haywood Webster, and defendant duly receipted the clerk and master for said sum. Defendant did not undertake to receive and receipt for said fund in his own right, but as agent of complainant. The purpose of complainant's bill in this case is to obtain a judgment against defendant for the sum thus collected by defendant, with interest and costs, less nine dollars which complainant admits in her bill that defendant has paid to her.

The defendant answered the bill and admitted that he received and receipted for $82.01 of the funds of complainant as aforestated, but defendant denied that he owed complainant anything, and averred that he had paid over to complainant all of the sum collected for her by him as aforesaid, and more, before complainant's bill was filed.

In his answer, the defendant made, in considerable detail, a statement of the manner in which, and the times when, as he alleged, he made payments to complainant which aggregated more than the sum he had collected for her, but it is sufficient to say, with reference to the defendant's answer, that the chancellor found the facts to be, in substance, as averred in defendant's answer, and the facts found by the chancellor are set out in the decree which was pronounced and entered, after proof had been taken on behalf of the parties, respectively, and which decree is as follows:

"This cause came on to be finally heard before Honorable Thomas B. Lytle, chancellor, upon the pleadings, and the proof, oral and documentary, and the argument of counsel; and, from the proof, the court finds that, in the year 1916, the defendant Felix Webster, without authority from complainant, who was Mary Webster Jackson, nee Mary Webster, and is now Mary Webster Harrison, received from the clerk and master of this court $82.01, a part of her share in the estate of her grandfather, Haywood Webster, defendant being the executor of said estate; that Felix Webster paid to complainant, while she was in a hospital in Nashville, $15 of this money and subsequently, in response to letters purporting to have come from complainant, who lived in Nashville, Tennessee, Felix Webster mailed to complainant the following post office money orders issued by the Post Office at Columbia, Tennessee, to-wit,—Number 144, 674, issued Apr. 25, 1916, for $33 to Mary Jackson, 505 7th Ave. S. Nashville, Tennessee, number 153, 992 issued January 30, 1917 for $15 to Mamie Webster, 414 7th Ave., Nashville, Tennessee, and number 156, 011 issued March 17, 1917, for $10 to Mary Webster, 412 8th Avenue, Nashville, Tennessee; that these money orders were sent in envelopes bearing the return address "Felix

Webster,'' and have never been returned; that after three years all money orders are destroyed that have been paid, in Washington, by the postal authorities; that Mary Webster Jackson is the same person who went by the several names above given; that she is subject to epileptic fits and is illiterate; that in the year 1923, she made claim on Felix Webster, for the funds he had received for her, through one Doctor Dempsey, whereupon, defendant, Felix Webster, wrote her a letter claiming that he had already paid her, reciting the payments above mentioned, and giving the numbers of the money orders and sending her a check for $9, which recites that it is the balance in full due her for the amount he had received for her, which letter was, as well as the check, read over to her, and endorsed in her name, she making her mark, by said Dempsey, and she got the money on this check, and on the post office orders also.

The court is, therefore, of the opinion that although Felix Webster had no right to receive this money for her that he did it because she was of weak mind and in order that she might not waste it, he having raised her from the time she was two years old until she was twelve years of age, and having furnished her from time to time, out of his own means, money, clothes and provisions.

The court is, therefore, of the opinion and doth find as a fact that Felix Webster has fully accounted to and paid over the funds received for complainant for the recovery of which this suit is brought, and that the bill should be dismissed at the cost of complainant.

It is, therefore, ordered, adjudged, and decreed by the court that complainant's bill be and it is hereby dismissed and that she pay the cost of this suit, for which let execution issue. From all of which complainant prays an appeal to the next term of the court of Civil Appeals, which meets at Nashville, Tennessee, which prayer for appeal is granted, upon complainants executing an appeal bond or taking the oath for poor persons, within 30 days from this date.''

Complainant perfected her appeal by filing, in due season, the oath prescribed for poor persons, and, through her solicitor of record, she has filed assignments of error in this court as follows:

''1. The court was in error in finding that Felix Webster had paid to Mary Harrison the moneys due her.

2. The court was in error in finding that the weight of the testimony was in favor of the defendant, Felix Webster and against Mary Harrison.

3. The court was in error in finding that Mary Harrison had received the money on the post office money orders.

4. There was no evidence to sustain this finding by the court. The burden of proof was upon Felix Webster, yet the preponderance of the evidence was greatly in favor of Mary Harrison.

5. The court was in error in failing to find against the defendant, Felix Webster, and in favor of Mary Harrison, the said moneys due her with interest.''

Through his answer and his testimony, the defendant has interposed two defenses to the complainant's suit, viz: (1) payment, and (2) accord and satisfaction. The chancellor found that the proof sustained both of these defenses.

The proof is clear and undisputed that on November 10, 1923, defendant mailed to complainant a check for nine dollars, which contained a recital on its face that it was "for Bal of $82 recd. from Mora B. Fariss, C. & M. after deducting credits heretofore paid", and that said check was received, accepted, and endorsed and collected by complainant.

It is equally clear that for some time prior to the day said check for nine dollars was mailed to complainant, the complainant had been making repeated demands upon defendant for the payment of the full amount collected by defendant from the clerk and master, and defendant had been refusing to comply with complainant's demands. In other words, the claim was in dispute. Defendant was insisting that he had paid to complainant the entire sum demanded, and complainant was insisting that she had received no part of same. There is no doubt that defendant offered and intended said check for nine dollars as a settlement and full satisfaction of complainant's claim. In this situation, complainant accepted and collected the check, without objection to the amount, or protest of any sort, at the time, but, almost a year later, complainant brought the present suit in an effort to collect the sum which, according to the recital on the face of the check, had been paid to her before the issuance of the check.

"When a claim is in dispute and the debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim, and the creditor accepts the remittance or collects the check without objection, it is generally recognized that this will constitute a good accord and satisfaction." 1 R. C. L., p. 196, par. 32. See also, Andrews v. Haller Wall Paper Co. (D. C.), 16 A. & E. Anno. Cas., 192, and note p. 194; Canton Union Coal Co. v. Parlin & Orndorff (Ill.), 106 Am. St. R., 162; Nassoiy v. Tomlinson (N. Y.). 51 Am. St. R., 695; Fuller v. Kemp (N. Y.), 20 L. R. A., 785; Note, 69 Am. St. R. p. 347; Annotation, 34 A. L. R., 1035.

The rule above stated was adopted and applied by the court of Civil Appeals in the case of Penrose v. Smith, 3 Higgins, 612. No other question was involved in the case of Penrose v. Smith, supra, and the writ of certiorari was denied by the Supreme Court.

The defense of accord and satisfaction is, we think, sustained by the proof in the instant case. This finding is sufficient to support

the decree of the chancellor dismissing the bill at complainant's cost, and makes it unnecessary for us to further extend this opinion by entering into a discussion of evidence bearing upon the defense of payment.

However, we have carefully considered all the evidence in the record, and we are of the opinion that the preponderance of the credible evidence shows that, before this suit was brought, defendant had paid to complainant all that he owed her; and we concur in the chancellor's finding that the defendant "has fully accounted (to complainant) and paid over (to her) the funds received for complainant, for the recovery of which this suit is brought."

It results that the complainant's assignments of error are overruled, and the decree of the chancery court dismissing complainant's bill, at her cost, is affirmed. The cost of the appeal will be adjudged against the complainant.

Crownover and DeWitt, JJ., concur.